L. A. BEDWELL *et al v.* T. E. JONES *et al.*

AND

THE DR. HARTER MEDICINE COMPANY *et al v.* JOHN R. RAMSEY, Adm'r. *et al.*

1. SCHOOL FUND. *County trustee may sue for.* The county trustee may maintain a bill in chancery against the sureties of a defaulting former trustee, for an account of monies collected for the use of common schools.

2. CHANCERY COURT JURISDICTION. *Statute giving concurrent jurisdiction.* In all cases where the chancery court had original jurisdiction, a subsequent statute, without prohibitory or restrictive words giving a remedy by motion, confers concurrent, and not exclusive jurisdiction.

FROM CARROLL.

Appeal from the Chancery Court at Huntingdon. JNO. SOMERS, Ch.

J. R. & S. W. HAWKINS for complainants.

HAWKINS & TOWNSEND and ALONZO HAWKINS for defendants.

FREEMAN, J., delivered the opinion of the court.

The first of these cases involves the question, whether the superintendent of public schools of Carroll county, and trustee, and school directors of the various districts of said county, or any of these parties, in their official capacity, can maintain a bill in chancery against the sureties of a defaulting former trustee, for an account of monies collected by him in the county for the use of common schools, or as charged in the bill, money belonging to the public school fund of said county?

The chancellor held they could not, and on motion, dismissed the bill, from which they have appealed to this court.

It is said in argument, that the chancellor put his decree on the ground that the remedy of the party entitled to the fund was by motion—therefore, a bill would not lie—assuming that some, or any one of the parties complainant, were entitled to demand and receive the money in the hands of a delinquent trustee who had received it. We think this was probably the only plausible ground on which the holding of his Honor could stand.

We think it clear, from a fair construction of the statutory provisions of our law in reference to the school fund of the county, such as are now in contest,

that the county trustee, by virtue of his office, and as such, is the legally constituted custodian of them. By the act of 1873, sec. 38, and subsequent sections, the school tax, whether levied by State or county, is ultimately to be paid over to the county trustee of the county. By section 20, of this act, the directors are to receive the fund apportioned to their respective districts, by drawing warrants upon the county trustee in favor of the treasurer, for the monies due their district.

This was changed by the act of 1879, ch. 129, sec. 1, which provides, that the directors shall " draw upon the county *trustee* in favor of the teachers of their districts for any school money due such teachers, in the hands of the trustee for distribution in their districts, etc. The warrants to be approved by the county superintendent before paid by trustee. It is further provided, that he shall hold the funds in his hands (subject to these warrants), and make to the county superintendent on the 15th of September of each year, a full and complete report of the amount of money received by him for school purposes, and the disbursements of the same."

By sec. 427, sub sec. 9, of the Code, it is provided that upon the resignation or going out of office by the appointment of another person, it is the duty of the trustee "to deliver" to his successor all his official books, etc., and by the next section, to make settlement with the revenue commissioners, and pay over balance found in his hands to his successor.

Other statutes, perhaps, involve similar duties. It is

Bedwell *v.* Jones.

clear from these cited, that the county trustee, for the time being, is the proper custodian of these funds, and it was the duty of the delinquent to have settled and paid over the balance in his hands to his successor, and his sureties on his official bond were, beyond doubt, responsible for his failure to perform the duty thus imposed.

Concede this, and then we hold it follows that the county trustee was entitled to enforce, by some proceeding, the performance of the duty, and to assert his right to the fund, which he was charged to receive, by the requirement that it should be paid over to him by the predecessor in office.

If there had been no provision for a motion, or summary proceeding, unquestionably a court of chancery had original jurisdiction to decree an account of monies so in the hands of the previous incumbent, and not paid over. This, we assume, no one would deny·

If one of the axiomatic principles of equity jurisprudence, that "if originally the jurisdiction has attached in any class of cases, such jurisdiction is not taken away by subsequent statutes conferring upon courts of law the same power without prohibitory or restrictive words. When no such words are employed, the uniform interpretation is, that such statutes confer concurrent, and not exclusive jurisdiction: Waits Act. & Def., vol. 3, p. 207, sec. 12, and numerous cases cited. And so the principle has been repeatedly held by this court: *Bright* v. *Newland*, 4 Sneed, 442.

In the case of unpaid taxes, which were a lien on land by the statute, and which had been enforceable

by sale of the land, in accord with special provisions of our revenue statutes, this court held, on this principle, that a court of equity having original jurisdiction to enforce liens, might be resorted to in a case within its jurisdiction, and the land subjected to the discharge of the lien in this way in such court. On these principles, which we deem beyond all question, we hold his Honor erred in dismissing the bill in this case, as to the county trustee. He was correct, however, as to the other parties. The statutes we have cited show clearly, that the other officers had no right to demand the fund to be paid to them directly, but only to direct its payment as provided, so far as directors are concerned, and to approve the warrant, so far as county superintendent had any duty to perform in this aspect of the case.

We only add this is decisive of the correctness of his Honor's ruling in the other case, when he dismissed the petition in the insolvent proceeding as to all the parties, except the trustee, but allowed him to prosecute his claim.

We need only say in conclusion, that while the school districts may sue and be sued as provided, they are not entitled in their corporate capacity, so far as we see, to receive or rather demand, the fund from the trustee, but the same is to be received through the directors, in the mode pointed out by the statutes cited.

The result is, the chancellor's decree is reversed with costs in the one case, and affirmed in the other.